IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ANTHONY DAVIS, )<br>)<br>  Movant, )<br>) | |
| ) | Cv. No. 2:23-cv-02657-SHL-cgc |
| v. ) | Cr. No. 2:18-cr-20352-01-SHL |
| ) | |
| UNITED STATES OF AMERICA, )<br>) | |
|   Respondent. ) | |

**ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255, DENYING A
CERTIFICATE OF APPEALABILITY, CERTIFYING THAT AN APPEAL
WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING
LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is the *pro se* Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion") filed by Movant Anthony Davis, Bureau of Prisons register number 17645-076, an inmate at the United States Penitentiary in Atlanta, Georgia. (ECF No. 1.) For the reasons stated below, the Court **DENIES** the § 2255 Motion.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

   **A.    Criminal Case No. 2:18-cr-20352-01**

On October 18, 2018, a federal grand jury in the Western District of Tennessee returned a six-count indictment against Davis and two co-defendants, Teresa Delois Shorter and Damon Garner. (Criminal ("Cr.") ECF No. 2.) Davis was named in Counts 2 through 6. Count 2 charged all defendants with conspiring to execute a scheme and artifice to defraud Pinnacle Bank, Infinity Financial Services, Chrysler Capital, and TD Auto Trade, to obtain money and property from those entities by means of false and fraudulent representations, and to use and cause to be used interstate wire communications in furtherance of the scheme and artifice, in violation of 18 U.S.C. §§ 1343

and 1344. The essence of the conspiracy was that Davis and Shorter would present false and fraudulent information to automobile dealerships to obtain financing from those entities for the purchase of vehicles. Thereafter, Garner would present false and fraudulent information to apply for duplicate titles which would result in the issuance of a title without the lender's knowledge. The defendants would then forge or otherwise fraudulently sign the name of a lender's representative on the lien release, thereby creating a "clear" or "clean" title. The defendants then proceeded to sell the vehicles and keep the proceeds.

Count 3 charged Davis and Shorter with defrauding Pinnacle Bank in connection with the purchase of a specific vehicle, in violation of 18 U.S.C. §§ 1344 and 2. Counts 4 and 5 charged Davis with aggravated identity theft in connection with the use of the name and notary public seal of David J. Harris (Count 4) and James Martin (Count 5), in violation of 18 U.S.C. § 1028A. Count 6 charged Davis with commission of an offense while on supervised release from another federal conviction, in violation of 18 U.S.C. § 3147.

Pursuant to a written plea agreement, Davis appeared before this judge on March 21, 2019, to plead guilty to Counts 2 and 4 of the indictment. (Cr. ECF Nos. 48, 55.) On August 7, 2019, the Court sentenced Davis to a term of imprisonment of eighty-one months, to run consecutively to the sentence imposed in Case Number 2:15-cr-20284-JTF (W.D. Tenn.), and to be followed by a five-year period of supervised release. (Cr. ECF No. 88.) Specifically, Davis was sentenced to consecutive terms of forty-five months on Count 2 and twenty-four months on Count 4.[1] Davis was also ordered to pay restitution in the amount of $289,435.85. (Cr. ECF No. 91 at PageID 351.) Judgment was entered on August 9, 2019. (Cr. ECF No. 91.) Davis did not take a direct appeal.

---

[1] Davis was sentenced to an additional twelve months under 18 U.S.C. § 3147, to be served consecutive to the sixty-nine-month sentence under Counts 2 and 4. (Cr. ECF No. 91 at PageID 347.)

### B. Davis's § 2255 Motion

On October 16, 2023, Davis filed his *pro se* § 2255 Motion. (ECF No. 1.) In that filing, Davis argues that he is entitled to relief from his conviction for aggravated identity theft because "[a] rule of law passed by the [S]upreme [C]ourt has been handed down which directly affects the conviction." (*Id.* at PageID 4.) The Court construes the § 2255 Motion as seeking relief from Davis's conviction on Count 4 on the basis of *Dubin v. United States*, 599 U.S. 110 (2023), which narrowed the scope of what constitutes aggravated identify theft under 18 U.S.C. § 1028A.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted). Movant has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

## III. ANALYSIS

In Count 4, Davis was convicted of aggravated identity theft. The statute provides:

> Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.

3

18 U.S.C. § 1028A(a)(1).  Davis pled guilty to using the name and notary public seal of David J. Harris without lawful authority.  Specifically, Count 2 charged that, on or about February 18, 2016, Davis presented to the Dyer County, Tennessee, County Clerk's Office a fraudulent "Letter of Authorization" purportedly signed by a representative of Pinnacle Bank and purportedly notarized by "David J. Harris."  The letter falsely represented that Pinnacle Bank authorized Davis to obtain a duplicate title for a 2016 Ford F-350 truck.  (Cr. ECF No. 2 at PageID 18.)

> In *Dubin*, the Supreme Court held that
>
> > [a] defendant "uses" another person's means of identification "in relation to" a predicate offense when this use is at the crux of what makes the conduct criminal. To be clear, being at the crux of the criminality requires more than a causal relationship, such as "'facilitation'" of the offense or being a but-for cause of its "success."  Instead, with fraud or deceit crimes like the one in this case, the means of identification specifically must be used in a manner that is fraudulent or deceptive.  Such fraud or deceit going to identity can often be succinctly summarized as going to "who" is involved.

*Id.* at 131–32 (citation omitted).  Dubin, who managed a psychological services company, submitted a claim for reimbursement to Medicaid for psychological testing by a licensed psychologist.  The claim inflated the qualifications of the provider who administered the test, who was only a licensed psychological associate.  Dubin was convicted of healthcare fraud and aggravated identity theft.  *Id.* at 114.  The Supreme Court vacated the conviction for aggravated identity theft, reasoning that Dubin's

> use of the patient's name was not at the crux of what made the underlying overbilling fraudulent.  The crux of the healthcare fraud was a misrepresentation about the qualifications of petitioner's employee.  The patient's name was an ancillary feature of the billing method employed. . . . [P]etitioner's fraud was in misrepresenting *how* and *when* services were provided to a patient, not *who* received the services.

*Id.* at 132.

4

The facts of this case are far different from those in *Dubin*. There, psychological services were provided to a real patient whose name was used on the reimbursement request. Dubin's crime consisted of inflating the amount of reimbursement sought. Here, by contrast, Davis forged the name and used a notary seal purporting to be that of David J. Harris to obtain an unencumbered title to the Ford F-350 so that it could be sold. Thus, the unauthorized use of the name of David J. Harris was at the crux of what made Davis's conduct fraudulent. The decision in *Dubin* affords Davis no relief.[2]

\* \* \* \*

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. The Court finds that a response is not required from the United States Attorney and that the motion may be resolved without an evidentiary hearing. *See Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003); *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Movant's conviction and sentence are valid and, therefore, his § 2255 Motion is **DENIED**. Judgment shall be entered for the United States.

## IV. APPEAL ISSUES

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

---

[2] The § 2255 Motion is also untimely. The limitations period expired one year after Davis's conviction became final in 2019. 28 U.S.C. § 2255(f)(1). The decision in *Dubin* does not restart the limitations period because the case involves statutory interpretation rather than a new, retroactive rule of constitutional law. *Id.* § 2255(h)(2). However, the Court has not dismissed the matter *sua sponte* on that basis because the statute of limitations is an affirmative defense that the Government can waive. *Day v. McDonough*, 547 U.S. 198, 202 (2006).

§ 2253(c)(2); *see also* Fed. R. App. P. 22(b). The COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). No § 2255 movant may appeal without this certificate.

A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted).

> Where a district court has rejected a constitutional claim on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . .

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "In short, a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect." *Moody v. United States*, 958 F.3d 485, 488 (6th Cir. 2020). "To put it simply, a claim does not merit a certificate unless *every independent reason to deny the claim is reasonably debatable*." *Id.*; *see also id.* ("Again, a certificate is improper if *any* outcome-determinative issue is not reasonably debatable.").

The issue raised in Movant's § 2255 Motion is meritless for the reasons previously stated. Because any appeal by Movant on the issue raised does not deserve attention, the Court **DENIES** a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)–(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*,

6

117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade*, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file her motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)–(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.[3]

**IT IS SO ORDERED**, this 6th day of March, 2024.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] If Movant files a notice of appeal, he must also pay the full $605 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.

7